UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF NEW YORK**

vs.

**EDWARD LEON,**
         Defendant.

Hon. Gary L. Sharpe
Case No.: 14-cr-00412-01
Defendant's Sentencing Memo

**Preliminary Statement**

The defendant was tried before this Court commencing on November 9, 2015. He was found guilty by the jury of two counts of 18 U.S.C. §1623(a), Making a False Declaration Before a Grand Jury.

As the Court is aware, the charges related to testimony given by the defendant before a grand jury investigating an arson-homicide which occurred in the City of Schenectady on May 2, 2013. As set forth in the Presentence Investigation Report, in Paragraphs 12 through 21, the investigation initially focused on the involvement of individuals named Robert Butler, Jennica Duel, and Bryan Fish. As set forth in Paragraph 20 of the Report, Robert Butler was charged in this Court with Maliciously Damaging and Destroying Property by Means of Fire or Explosives Resulting in Death, in violation of 18 U.S.C. §844(i), a death penalty offense. Mr. Butler was arrested on that charge on June 4, 2013, but the charges were dismissed without prejudice on February 7, 2014, and "the arson investigation remains pending."

The dismissal of that charge came after Mr. Leon's grand jury testimony in November of 2013 and January of 2014 which gave rise to the indictment in this case.

The testimony at defendant's trial, including the various interrogations of Mr. Leon, make it clear that by February of 2014 investigators had focused their investigation of this offense on Mr. Leon. I believe that he is still the focus of the investigation, and the focus of the United States Attorneys Office in this matter.

Based upon the exposure of Mr. Leon to a possible future prosecution for a capital offense, both Timothy Nugent, Mr. Leon's original lawyer in this case, and myself, had continuing contact with a representative of the Federal Public Defender's Office assigned to provide advice and counsel in potential capital cases. The consistent advice from that office, to both Mr. Nugent and myself, was that a plea of guilty to the indictment in the perjury case could enhance any future prosecution on the capital offense. The defendant therefore went forward to put the Government to its proof in this case, but did not testify or present a case.

## Objection to Two-Level Victim Related Adjustment

As set forth in Paragraph 55 of the Report, and reiterated in the Probation Officer's response to defendant's objection to this paragraph in her final Report, the Probation Officer added an additional two levels for a victim related adjustment. It is respectfully submitted that the report's reliance on U.S.S.G. §1B1.5(c) is misplaced. That section provides that "the adjustments in Chapter Three (Adjustments) also are determined in respect to the referenced offense guideline, except as otherwise expressly provided." But U.S.S.G. §2X3.1(a)(3)(A), the referenced Guideline in this case does provide otherwise, since it states that the "base offense level under this guideline shall

be not more than Level 30." This provision seems intended to cap the exposure of a person convicted of perjury about a criminal offense before a grand jury to a Guideline level that will not be completely disproportionate to the guidelines for a perjury offense.

### **Sentencing Factors Under 18 U.S.C. §3553(a)**

As recounted in the Report, Mr. Leon comes from a large family, and grew up in uncertain economic conditions. He learned early that if he wanted anything "extra," he had to go out and work for it, even as a child. This work ethic continued through his adult years, up to the date of his arrest. As set forth in the Report, he worked continuously, on a seasonal basis, for Whelok Rides, a carnival company. He also worked as a food delivery driver for Quandt's Foods, and for C. R. England and other long haul driving organizations. He performed similar work for the Price Chopper Distribution Center in Rotterdam, and also for Keymark Corporation in Fonda for four to five years, and as a contractor for Walmart in Johnstown for one or two years.

Mr. Leon was married for comparatively brief periods, to Mary Brumbaugh, from 1990 until 1995, and to Taray Snyder, from 2003 until 2005. He maintains a close relationship with the children from these unions.

In this case, the Guidelines sentences exceed the statutory maximum for the offense under the statute. I would request the Court to sentence the defendant on each count he has been convicted of to five years, with the terms to run concurrently. This would certainly be an adequate sentence for the actual crimes of which the defendant

has been convicted, and would serve as a reasonable deterrent to criminal conduct of others.

March 1, 2016

_____
David L. Gruenberg
*Attorney for Defendant Edward Leon*
Bar Roll No.: 101877